IN THE UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Crim. Action No. 3:17-CR-00420-N(1) |
| | § | |
| MARK DWAYNE BURKETT (1), | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Mark Dwayne Burkett's *pro se* motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [76].  Because the Court determines that Burkett has not shown extraordinary and compelling reasons warranting compassionate release, the Court denies Burkett's motion.

### I. BACKGROUND REGARDING BURKETT'S ORIGINAL SENTENCE

Burkett was charged and pled guilty to two counts of possession with attempt to distribute under 21 U.S.C. § 841(A), (C) and 18 U.S.C. § 2.  The Court sentenced Burkett to 120 months in prison, three years of supervised release, and a $100 assessment. According to the Federal Bureau of Prisons (the "BOP"), Burkett is 42 years old, and his projected release date is March 2026.[1]  Burkett is currently confined at Terre Haute USP. Burkett claims that he has a history of suffering from continuous bouts of high blood

---

[1] The BOP's inmate locator website is available at https://www.bop.gov/inmateloc/ (last accessed September 23, 2020).

pressure and high cholesterol that places him at higher risk for serious COVID illness. Burkett also claims that his father suffers from congestive heart failure, high blood pressure, high cholesterol, diabetes, and chronic obstructive pulmonary disease.

## II. LEGAL STANDARD FOR COMPASSIONATE RELEASE

A district court has limited authority to modify a final criminal judgment. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  But 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, does not authorize the Court to modify a prisoner's place of incarceration.  *See United States v. Depron*, No. CR 14-59, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020); *United States v. Rakestraw*, No. 3:17-CR-469-M (BT) 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020), *rec. adopted*, 2020 WL 2114844 (N.D. Tex. May 1, 2020).  Furthermore, neither the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Publ. L. No. 116-136, enacted on March 27, 2020, nor the Memoranda of the Attorney General to the BOP Director, dated March 26 and April 3, 2020, provide the Court with statutory authority to modify a prisoner's place of incarceration.  *See United States v. Meeks*, No. 3:15-CR-468-K (BT), 2020 WL 3344111, at *3 (N.D. Tex. May 18, 2020), *rec. adopted*, 2020 WL 3317917 (N.D. Tex. June 17, 2020).  Only the BOP has the discretion to place prisoners on home confinement toward the end of their sentence under 18 U.S.C. § 3624(c)(2).  *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995); *see also Depron*, 2020 WL 2308636, at *1 n.1.

However, under 18 U.S.C. § 3582, a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant.  18 U.S.C. § 3582(c)(1)(A).  Before a court considers a motion to modify, a prisoner must fully exhaust

MEMORANDUM OPINION AND ORDER – PAGE 2

all administrative remedies.  *See id.*  Specifically, a court can evaluate a motion after a defendant fully exhausts "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*  Section 3582(c)(1)(A)'s exhaustion requirement is a "glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  The requirement that a defendant file a request for reduction of sentence with the BOP before filing a motion in federal court is mandatory. *See U.S. v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).

The policy statement applicable to compassionate release "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020). Extraordinary and compelling reasons include the "medical condition of the defendant," the "age of the defendant," and the defendant's "family circumstances." U.S.S.G. § 1B1.13 & cmt. n.1.  The policy statement also includes a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the other listed reasons.  *Id.*

### III. THE COURT DENIES BURKETT'S MOTION FOR COMPASSIONATE RELEASE

Burkett has not made clear whether he has satisfied the exhaustion requirement. Although Burkett claims that the district court may waive exhaustion, the Fifth Circuit has

MEMORANDUM OPINION AND ORDER – PAGE 3

made clear that exhaustion is mandatory. *Franco*, 2020 WL 5249369, at 81 (5th Cir. 2020). Burkett simultaneously claims that he "has not exhausted his administrative rights with the BOP" but that he has "transmitted his requests for release to the Unit Team and Warden." Def's Mot. to Reduce Sentence at 23 [76].  The Court notes that a lapse of 30 days from this request would satisfy the exhaustion requirement under 18 U.S.C. § 3582.  However, Burkett has not provided documentation of his request for release, nor has he shown that 30 days have passed from the date of his request to the filing of this motion.  Without this information, the Court is unable to determine whether exhaustion has been satisfied.

Furthermore, even if the Court were to assume exhaustion, Burkett has not shown extraordinary and compelling reasons justifying compassionate release at this time.  First, the Court does not have authority to release an inmate to home confinement, so the Court denies Burkett's request.  Next, the Court denies Burkett's request for compassionate release under section 3582(c)(1)(A) because Burkett has not shown extraordinary and compelling reasons justifying release.  Although Burkett claims that he suffers from high blood pressure and high cholesterol, Burkett has not provided the Court with any documentation, medical records, or details of the severity of his health issues. *See United States v. Mun*, 3:19-CR-0086-S, 2020 WL 3038082, at *2 (N.D. Tex. June 4, 2020).  The Court "must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *United States v. Johnson*, No. 3:11-CR-066-B (1), 2020 WL 3129695, at *3 (N.D. Tex. June 12, 2020). Without documentation, the Court is unable to assess Burkett's individual "ability to

MEMORANDUM OPINION AND ORDER – PAGE 4

provide self-care within the environment of a correctional facility."   U.S.S.G.  §

1B1.13(1)(A) & cmt. n.1(A).  The Court is aware of the COVID-19 pandemic and the risks

the virus poses to inmates in detention facilities.   However, Burkett's general concerns

about COVID-19, without more, are insufficient to invoke section 3582(c)(1)(A).  *See*

*Raia*, 954 F.3d at 597.

       Burkett contends that his father suffers from congestive heart failure, high blood

pressure, cholesterol, diabetes, and chronic obstructive pulmonary disease.  Burkett cites

*U.S. v. Bucci* to support his claim that compassionate release is warranted due to his family

circumstances.  409 F. Supp. 3d 1 (D. Mass 2019) (granting compassionate release when

defendant was the "only available caregiver" for an incapacitated parent).  While Burkett's

father may be at higher risk of serious COVID illness, incapacity of a parent does not fall

within the policy statement's definition of a family circumstance warranting compassionate

release.[2]   Furthermore, even if the Court were to apply *Bucci*, Burkett's family

circumstances are not similar.  First, Burkett has not shown that he is the only available

caretaker for his father.  Second, Burkett has provided no documentation that would allow

the Court to determine that his father's health conditions rise to the level of incapacity.

Without more evidence besides an unverified motion, the Court will not use Burkett's

---

[2] "Family circumstances" in the relevant policy statement include: (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.  U.S.S.G. § 1B.13(1)(A) & cmt. n.1(C).

MEMORANDUM OPINION AND ORDER – PAGE 5

claims as evidence favoring compassionate release.  *See United States v. Broadus*, No. 3:10-CR-0183-B-1, 2020 WL 4784686, at *3 (N.D. Tex. Aug. 18, 2020).

## IV.  BURKETT FAILED TO STATE AN EIGHT AMENDMENT CLAIM

The Court now turns to Burkett's Eighth Amendment claim.  In order to challenge conditions of confinement under the Eight Amendment, prisoners must show that "prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health[.]"  *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  To prevail on a conditions of confinement claim, a prisoner must satisfy both an objective element, that the alleged deprivation is "sufficiently serious," and a subjective element, that prison officials have a "sufficiently culpable state of mind," such as that of deliberate indifference to the detainee's health or safety.  *See Farmer*, 511 U.S. at 834.  Burkett's motion refers to an ongoing case in the District of Connecticut to support the contention that the BOP is "displaying deliberate indifference in violation of the 8th Amendment."  Def's Mot. to Reduce Sentence at 23 [76] (quoting *Martinez-Brooks v. Easter*, 3:20-CV-00569 (MPS), 2020 WL 2405350, D. Conn. May 12, 2020).  Burkett also claims that inmates in the prison system have insufficient face masks and cleaning solutions.

The Court holds that Burkett failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).  In order to state a claim, Burkett must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief.  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3),

MEMORANDUM OPINION AND ORDER – PAGE 6

(d)(1), (e)).  Here, Burkett has pled facts alleging general COVID concerns in prisons and specific COVID numbers in various facilities nationwide but has not alleged any facts about Terre Haute USP or his own confinement situation.  Furthermore, the findings in *Martinez-Brooks* were limited to the conditions at FCI Danbury and are not instructive in determining the conditions of Burkett's confinement.  *Martinez-Brooke*, 2020 WL 2405350, at *2 ("Petitioners are . . . a putative class of all inmates currently in custody at FCI Danbury").  To the extent that Burkett's *pro se* motion may be interpreted as an Eighth Amendment claim, the Court denies his motion because Burkett has not pled facts sufficient to show that his claims have substantive plausibility.

## CONCLUSION

Accordingly, the Court determines that Burkett has not provided extraordinary and compelling reasons warranting compassionate release, so the Court denies Burkett's motion.

Signed September 25, 2020.

_____
David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7